

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT L. DIAZ,**

                **Plaintiff,**

-vs-                                  Case No.:  6:01-cv-1120-Orl-31JGG

**DEPUY ORTHOPAEDICS, a Foreign Corporation,**

                **Defendant.**

_____

## ORDER

This cause comes on for consideration of Defendant's Emergency Motion for Order Authorizing Deposit of Funds into the Court Registry (Doc. 12, filed October 16, 2001) and Plaintiff's Memorandum in Opposition thereto (Doc. 16, filed October 22, 2001).

I.      <u>Background Facts</u>

On October 25, 1999, Robert Diaz and DePuy Orthopaedics, Inc. ("DePuy") entered into a Bill of Sale in which Diaz sold his rights and title in instruments he designed to implant the LCS Total Knee System. Diaz claims that this Bill of Sale did not release any claims he has against DePuy for selling his instruments from 1985 to October 25, 1999. Diaz brought suit in state court to recover the damages caused by DePuy's alleged misappropriation, use and distribution of his instruments prior to the Bill of Sale. DePuy removed this action under 28 U.S.C. § 1441 and 1446.

Under the terms of the Bill of Sale, DePuy purchased the instruments from Diaz for $250,000, payable in three installments. DePuy has paid two of the three installments to date. The third installment, in the amount of $83,333.00, is due on October 25, 2001. DePuy has filed an emergency motion requesting the Court to allow it to place this final installation payment in the court's registry while this case is adjudicated. Among the claims pending in this Court is DePuy's counterclaim that Diaz, by bringing suit, has breached the contract since he represented and warranted that he had conveyed all his right and title to the instruments free of encumbrances and claims. The essence of DePuy's request is that DePuy may be able to recover damages and attorneys' fees as a result of Plaintiff's breach of contract. DePuy has therefore requested that the Court order that the final payment be deposited in the court's registry and declare that DePuy is not in breach of its payment obligations under the Bill of Sale pending adjudication of the claims.

II.   Analysis

DePuy's request for an order that would allow it to deposit the final installation payment in the court's registry is equitable in nature. DePuy, however, has not demonstrated that this Court could not effectuate its judgment if DePuy were ultimately to prevail on its breach-of-contract counterclaim. DePuy has not shown that it is likely to prevail on the merits of its claim, or that by making the final payment under the Bill of Sale, it will be irreparably harmed (i.e., unable to recover damages and attorneys' fees from Plaintiff). Even if DePuy claims that it would be better able to recover damages if DePuy made its final installation payment to the court registry rather than to Plaintiff, this ground would be insufficient to warrant injunctive relief. See generally ITT Community Dev. Corp. v.

Barton, 569 F.2d 1351, 1360 (5th Cir. 1978)[1] (holding that the district court improperly ordered the defendants to turn over cashier's checks to the court's registry, since, among other reasons, the All Writs Act did not authorize such an order to put plaintiff "in a better position to enforce any judgment that it might have obtained against the [defendants]").

Moreover, Plaintiff is not seeking a judgment for the amount due to him under the Bill of Sale. Instead, Plaintiff is claiming damages based on DePuy's sale of his instruments from 1985 to October 25, 1999. Defendant contends that Plaintiff has breached the contract, and that Defendant may therefore be entitled to a monetary judgment. This Court will decline to exercise its equitable power in a way that would allow the Defendant " to preserve all its rights under the contract and to avoid the risk of a breach of contract on its part if its position should turn out to be wrong." Dinkins v. General Aniline & Film Corp., 214 F. Supp. 281, 282-83 (S.D.N.Y. 1963) (considering defendant's motion under Rule 67 of the Federal Rules of Civil Procedure). For these reasons, this Court finds that the relief requested by Defendant is not warranted.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Emergency Motion for Order Authorizing Deposit of Funds into the Court Registry is **DENIED**.

**DONE and ORDERED** in Chambers, Orlando, Florida this 24 day of October, 2001.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

Date Printed: 10/25/2001

Notice sent to:

    ___  Mark L. Van Valkenburgh, Esq.
          Winderweedle, Haines, Ward & Woodman, P.A.
          250 Park Ave. South, 5th Floor
          P.O. Box 880
          Winter Park, FL  32790-0880

    ___  James Edward Cheek III, Esq.
          Winderweedle, Haines, Ward & Woodman, P.A.
          P.O. Box 1391
          Orlando, FL  32802-1391

    ___  Mark Richard Cheskin, Esq.
          Morgan, Lewis & Bockius LLP
          5300 First Union Financial Ctr.
          200 S. Biscayne Blvd.
          Miami, FL  33131-2339

    ___  Kara S. Nickel, Esq.
          Morgan, Lewis & Bockius LLP
          5300 First Union Financial Ctr.
          200 S. Biscayne Blvd.
          Miami, FL  33131-2339

United States District Court
Middle District of Florida
80 North Hughey Avenue
Orlando, Florida 32801

Gregory A. Presnell
United States District Judge

407/835-4301

# FAX TRANSMITTAL

TO:         Mark L. VanValkenburgh FAX #407-645-3728
            Mark R. Cheskin FAX #(305) 579-0321

DATE:       October 24, 2001

COMMENTS:   See Attached.