UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT L. DIAZ,

    Plaintiff,

v.                                   CASE NO. 6:01-cv-1120-Orl-31GG

DEPUY ORTHOPAEDICS, a Foreign
Corporation,

    Defendant.
_____/

## DEFENDANT'S MOTION TO TRANSFER
## VENUE UNDER 28 U.S.C. §1404(a)

Pursuant to 28 U.S.C. §1404(a), Defendant DePuy Orthopaedics ("Defendant") respectfully requests that this Court transfer venue of this action to the United States District Court for the Southern District of Florida, West Palm Beach Division, the district court in which this case court could have originally been brought. The grounds for this motion are set forth below.

### MEMORANDUM OF LAW

**I.    Introduction**

Under 28 U.S.C. § 1404(a), a district court may transfer an action to another district court where the plaintiff could have brought the action initially for the convenience of the parties and witnesses and in the interest of justice. Defendant submits that the Court should exercise its discretion here and transfer this action to the United States District Court for the Southern District of Florida.



MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

While a plaintiff's choice of forum generally will not be disturbed, Plaintiff Robert L. Diaz's ("Plaintiff") forum selection for this action is not controlling because he does not reside in the Middle District. As a result, Defendant's present Motion should be granted because all the other factors weigh substantially in favor of a transfer. First, none of the alleged operative facts occurred in this judicial district. Second, Plaintiff himself and virtually all of the non-party witnesses identified by Plaintiff are currently located, and were at the time relevant events took place, in Palm Beach County, Florida. In light of these facts, Plaintiff's action could have originally been brought in the Southern District of Florida. Because there is no valid reason for litigating this action in the Middle District, this Court should transfer this action to the Southern District of Florida, West Palm Beach, pursuant to 28 U.S.C. § 1404(a).

## II. Factual Background Requiring Transfer

### A. *The Parties*

Defendant is a corporation that specializes in the manufacture and sale of orthopedic devices. Defendant's Counterclaim[1] ¶ 1. Relevant to the claims by both parties, on or about 1985, Defendant began distributing the LCS Total Knee System ("LCS Knee"), an orthopedic replacement knee implant. Defendant's Counterclaim ¶ 5. Plaintiff is an orthopedic surgeon residing and practicing medicine in Palm Beach County, Florida. Complaint ¶ 3 (Dkt. No. 2); Defendant's Counterclaim ¶ 2; *see also* Tab A (website).

---

[1] "Defendant's Counterclaim" is contained in Defendant's Answer and Defenses to Plaintiff's Complaint, and Counterclaims for Declaratory Relief, Breach of Contract, Breach of Settlement Agreement, and Indemnity for Attorneys' Fees and Costs. (Dkt. No. 7).

**B.**   *The Bill of Sale*

According to the allegations in the Complaint, Plaintiff has performed surgical procedures to implant Defendant's orthopedic devices, including the LCS Knee. Complaint ¶¶ 6-13. On or about October 25, 1999, Plaintiff and Defendant entered into a Bill of Sale in which Defendant purchased all of Plaintiff's claimed right, title, and interest in and to all arthroplasty instrument design concepts Plaintiff allegedly had disclosed to Defendant (hereinafter the "Property") in return for consideration of $250,000.00. *See* Defendant's Counterclaim ¶¶ 8-11, Exhibit A (attached to Counterclaim). The final installment payment of the consideration was made in October 2001.

**C.**   *The Instant Lawsuit*

On August 20, 2001, Plaintiff instituted this action, asserting five claims for relief under Florida law: Misappropriation of Trade Secrets (Count I); Fraudulent Concealment (Count II); Negligence (Count III); Breach of Implied Contract/Unjust Enrichment (Count IV); and Breach of Confidential Relationship (Count V). Specifically, Plaintiff alleges that during a 14 year period, 1985 to October 25, 1999, Defendant willfully misappropriated surgical instruments and a surgical technique developed by Plaintiff, which substantially improved and expedited the implantation of the LCS Knee. *See* Complaint ¶¶ 3, 6, 8-11, 18. Plaintiff further contends that without his knowledge or permission, Defendant distributed the instruments nationally and internationally and trained surgeons in Plaintiff's surgical technique, resulting in a dramatic increase in the sales of Defendant's LCS Knee and related products. *See* Complaint ¶¶ 13-14.

1-MI/431358.4

3

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

Defendant filed a four-count counterclaim seeking: (1) declaratory judgment declaring that the Bill of Sale between Plaintiff and Defendant encompasses any and all claims by Plaintiff relating to the right, title and interest in and to the Property for the time period prior to the execution of the Bill of Sale on October 25, 1999; (2) damages for breach of the contract in the Bill of Sale; (3) damages for breach of the settlement agreement in the Bill of Sale; and (4) indemnity for attorneys' fees and costs. *See generally* Defendant's Counterclaim ¶¶ 1-33.

### D. *Defendant Has Challenged Venue Since the Beginning of this Action*

In the Answer, Defendant raised the following defense: "Venue of this action should be transferred pursuant to 28 U.S.C. §1404." *See* Defendant's Answer and Defenses to Plaintiff's Complaint[2/] ¶ 57.

In a letter dated September 26, 2001, Defendant inquired into the basis for Plaintiff's selection of venue in Orange County, Florida. In his response dated October 3, 2001, Plaintiff's counsel stated that there were "various reasons" for Plaintiff's venue selection, including "the fact that certain witnesses reside in Orange County and Dr. Diaz's preference not to litigate this action in the county in which he resides and practices." Tab B.

On October 12, 2001, Defendant filed a Motion requesting that the Court enter an Order authorizing Defendant to seek discovery from Plaintiff regarding venue of this action prior to the Case Management meeting between the parties *See* Dkt. No. 10. The Court granted the motion. *See* Dkt No. 14.

1-MI/431358.4

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

Defendant served its First Set of Interrogatories to Plaintiff on October 30, 2001. Defendant received Plaintiff's responses on December 10, 2001. Relative to the issue of venue, Defendant requested that Plaintiff specifically identify the basis for maintaining venue in the Middle District of Florida. The interrogatory and Plaintiff's response are as follows:

> **Interrogatory No. 8**: Identify with specificity the factual basis for Plaintiff's contention that venue should be maintained in this lawsuit in Orange County, Florida. *See* Tab C.
>
> **Response**: Defendant is a foreign corporation with agents or other representatives located and doing business in Orange County, Florida. Furthermore, at least one witness with knowledge regarding the improvements made by Diaz [Plaintiff] to the implanting process of the LCS Knee resides in Orange County, Florida. Meanwhile, it is expected that the majority of Defendant's witnesses reside outside the state of Florida. *See* Tab D.

Plaintiff's interrogatory response does not assert any valid reason for maintaining venue of this action in the Middle District of Florida, instead of the Southern District of Florida. Indeed, Plaintiff wholly fails to identify any ties between the events giving rise to this lawsuit and the parties.

### E. *The Location of the Events and Witnesses*

During all relevant times to the claims in this action and to the present, Plaintiff has lived in Palm Beach County, Florida. *See* Tab E. According to a search of the relevant property records, Plaintiff resides at 123 Pembroke Drive, Palm Beach Gardens, Florida 33418. *See* Tab E. Plaintiff maintains his medical practice at the Palm Beach Orthopaedic

---

2/ "Defendant's Answer to Defenses to Plaintiff's Complaint" is contained in Defendant's Answer and Defenses to Plaintiff's Complaint, and Counterclaims for Declaratory Relief, Breach of Contract, Breach of Settlement Agreement, and Indemnity for Attorneys' Fees and Costs (Dkt. No. 7).

1-MI/431358 4

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

Case 6:01-cv-01120-GAP Document 23 Filed 12/28/01 Page 6 of 14 PageID 137

CASE NO. 6:01-cv-1120-Orl-31JGG

Institute, which has three offices in Palm Beach County, Florida, in the cities of Jupiter, Palm Beach Gardens, and West Palm Beach. *See* Tab A.

In his Initial Disclosures (*see* Tab F) and responses to Defendant's interrogatories (*see* Tab D), Plaintiff has only identified five witnesses that have (or may have) knowledge or information regarding this case. As detailed below, all but one of the witnesses are located within the Southern District of Florida.

- *David Bogue* – Plaintiff has identified Mr. Bogue as the "local machinist" who manufactured the surgical instruments. *See* Tab F. Bogue is President of two corporations located in Jupiter, Florida: ECM of Florida and David Bogue Associates, Inc. See Tab G. Mr. Bogue also resides in the Jupiter area. *See* Tab H.

- *Daniel Freeman* – Plaintiff has identified Mr. Freeman as assisting with the construction of the instruments. *See* Tab F. During the relevant period, Mr. Freeman was a sales representative for Defendant, assigned to the Jupiter, Florida territory. Plaintiff has not provided an address for Mr. Freeman, but did provide a telephone number with a 561-area code, which is effective in Palm Beach County, Florida. *See* Tab F.

- *Frank T. Pilotte* – Plaintiff has identified Mr. Pilotte as the attorney that Plaintiff consulted in connection with the October 1999 Bill of Sale. *See* Tab D (Plaintiff's response to Interrogatory No. 1). Mr. Pilotte is located in Palm Beach, Florida. *Id.*

1-MI/431358.4

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

- *Dr. Bruce Waxman* – Plaintiff has identified Dr. Waxman as his partner in a medical practice, located at 1002 Old Dixie Highway, Jupiter, Florida, in 1985, at the time the instruments were allegedly developed. *See* Tab D (Plaintiff's response to Interrogatory No. 10). Dr. Waxman currently practices medicine at the Palm Beach Orthopedic Institute, and he also resides in Palm Beach Gardens, Florida. S*ee* Tab A; Tab D (Plaintiff's response to Interrogatory No. 10); and Tab I.

- *Walter King Floyd* –Plaintiff has identified Mr. Floyd as a former sales representative of Defendant. *See* Tab F. Unlike the information attributed to the other witnesses (identified above), Plaintiff has only provided a vague description of Mr. Floyd's alleged knowledge of discoverable information in this action. *Id.*. Mr. Floyd is the only witness who resides in Orlando, Florida. *Id.*

### III.   Transfer Under 28 U.S.C. §1404(a) is Proper Because the Southern District of Florida is the Most Convenient and Appropriate Forum to Resolve the Claims At Issue

Under 28 U.S.C. §1404(a), a district court may transfer a civil action to any other district court where the plaintiff could have filed the case originally. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). According to the plain language of the statute, a court may order a transfer "[f]or the convenience of the parties, convenience of the witnesses, and in the interests of justice." 28 U.S.C. §1404(a); s*ee also Tingley Systems, Inc. v. Bay State HMO Management, Inc.*, 833 F. Supp. 882, 885 (M.D. Fla. 1993). This provision is intended to prevent the waste

"of time, energy and money" and "to protect litigant, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616.

To meet the requirements of 28 U.S.C. § 1404(a), Defendant must show that Plaintiff could have brought this case initially in the Southern District of Florida and that the balance of interests favors the proposed transfer. *See Tingley Systems, Inc. v. Bay State HMO Management, Inc.*, 833 F. Supp. 882, 885 (M.D. Fla. 1993). Both requirements are met quite easily in the case at bar.

### A. *This Case Could Have Been Brought in the Southern District of Florida*

Pursuant to 28 U.S.C. § 1391(a)(2), venue of this action would be proper in the Southern District of Florida, West Palm Beach Division, because substantially all of the alleged events or omissions giving rise to Plaintiff's claims occurred within that district in the cities of Jupiter and Palm Beach Gardens, Palm Beach County. *See Tingley*, 833 F. Supp. at 885 (transferring venue in action for breach of license agreement and misappropriation of trade secrets since the action could have been brought in the District of Massachusetts).

As detailed in section II, *supra*, Plaintiff has alleged that he and a "local machinist" developed the surgical instruments that are the subject matter of this action in 1985, while Plaintiff was practicing medicine in Jupiter, Florida. Plaintiff allegedly used the instruments on his patients and those of his partner, Dr. Waxman, from 1985 forward. Plaintiff further alleges that a representative of Defendant, assigned to the Palm Beach County, Florida territory, purchased copies of the instruments in Jupiter, Florida, and then disclosed the instruments to Defendant. At the time Plaintiff allegedly discovered Defendant's misappropriation, Plaintiff resided and worked in Palm Beach Gardens.

1-MI/431358.4

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

8

Additionally, as a corporation, Defendant is deemed to reside in any judicial district "in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391(c). Because Defendant has representatives and/or agents working in area encompassed by the Middle and Southern Districts of Florida, Defendant is subject to personal jurisdiction in both districts, and therefore is equally amendable to suit in those districts. *Id.*

Middle District Local Rule 1.02(c) also supports a transfer of this action. While the rule is normally applied to determine the appropriate division for an action, the rule's principles are applicable to the present situation. According to Local Rule 1.02(c), "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county...having *the greatest nexus with the cause*, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." (emphasis added). As discussed in detail above, the Southern District of Florida has the greatest nexus with the action, and therefore a transfer to that district is appropriate.

**B.**     ***Transfer Is Appropriate Due To Convenience and the Interest of Justice***

The balance of interests also favor a transfer of this action to the Southern District of Florida. In making this determination, a court can consider the following factors: "Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Eye Care International, Inc.,* 119 F. Supp. 2d at 1317-18; *see also Stewart Org., Inc.,* 487 U.S. at 29; *Brown v.*

1-MI/431358.4

9

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

*Connecticut General Life Ins. Co.*, 934 F.2d 1193 (11th Cir. 1991). No one factor is dispositive, however. Instead, transfer decisions are made on a case by case basis. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Eye Care International, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000).

As an initial matter, in general, a plaintiff's choice of forum will not be disturbed unless the balance strongly favors the defendant. *See Jasper Corp. v. National Union Fire Ins. Co.*, 1999 WL 781808, at *4 (M.D. Fla. Sept. 3, 1999). But, where the underlying operative facts did not occur within the forum chosen by the plaintiff, as in this case, "the choice of forum is entitled to less consideration." *Garay v. BRK Electronics*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991); *see also Oller v. Ford Motor Co.*, 1994 WL 143017, at *2 (M.D. Fla. Mar. 30, 1994). Because all the operative facts underlying Plaintiff's claims occurred outside of the Middle District of Florida, greater weight must be accorded to factors other than Plaintiff's forum choice in determining whether transfer is appropriate.

Of these other factors, courts have recognized that convenience to the witnesses as the "most important factor in deciding whether to transfer." *Gould v. National Life Ins. Co.*, 990 F. Supp. 1354, 1359 (M.D. Ala. 1998)(citation omitted). In the Middle District of Florida, "[c]onvenience of the witnesses is given more weight when considering transfer of venue." *Central Money Mortgage Co.*, 122 F. Supp.2d at 1346; *see also Garay*, 755 F. Supp. at 1011-12. A different venue is more convenient when the majority of the witnesses are located outside of the judicial district where the case was brought. *Cf. Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200, 1202 (S.D. Fla. 1987) (Central District of California was "clearly a more convenient forum" than the Southern District of Florida when all of

1-MI/431358.4                MORGAN, LEWIS & BOCKIUS LLP                        10
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

Defendant's witnesses lived in California and all of the "persons who witnessed the occurrence as alleged by Plaintiff, *with the exception of one*, reside in the State of California") (emphasis added).

A transfer of venue to the Southern District of Florida, West Palm Beach Division, will be more convenient for the majority of the non-party witnesses. In his Initial Disclosures and responses to Interrogatories, Plaintiff only identified five (5) witnesses as having knowledge of the facts that form the basis of his claims in this case. Only one of these witnesses is located in the Middle District of Florida. The remaining four witnesses currently work and reside within the Southern District. Thus, for those witnesses, it would be more convenient for the venue of this action to be the Southern District of Florida. Moreover, because the four witnesses located in Palm Beach County live more than 100 miles from Orlando, the current venue for this action, the parties' ability to compel these witnesses attendance at trial or a hearing may be limited. *See* Fed. R. Civ. P. 45.

Significantly, transferring venue to the Southern District also should be more convenient for Plaintiff himself. Plaintiff currently resides in Palm Beach Gardens and the "the only property [Plaintiff] owns is located in Palm Beach County, Florida." *See* Tab D (Plaintiff's response to Defendant's Interrogatory No. 9). Plaintiff also works in Palm Beach County. He is a shareholder in the Palm Beach Orthopedic Institute, a group of twelve physicians, which has its principal office in Palm Beach Gardens, Florida, and two satellite offices in Jupiter and West Palm Beach, Florida. *See* Tab A; and Tab D (Plaintiff's response to Defendant's Interrogatory No. 10).

1-MI/431358 4

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

CASE NO. 6:01-cv-1120-Orl-31JGG

Finally, as Defendant's principal place of business is located in Indiana, any corporate representative witnesses for Defendant will necessarily have to travel to Florida, whether to Orlando or West Palm Beach. Accordingly, venue in the Southern District of Florida will be no more inconvenient to those witnesses.

## IV. CONCLUSION

This action has no material connection to this Court. Neither the Plaintiff nor the vast majority of the non-party witnesses reside in the Middle District of Florida. Further, Plaintiff's allegations establish conclusively that substantially all of the alleged acts at issue did not take place in this judicial district. Indeed, the only apparent connection between this action and this Court is the location of Plaintiff's counsel. Accordingly, for the convenience of the witnesses, including Plaintiff, and in the interests of justice, Defendant respectfully requests that this action be transferred to the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1404(a).

Dated this 27th day of December, 2001.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendant
5300 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
Telephone: 305.579.0320
Facsimile: 305.579.0321

Mark R. Cheskin
Trial Counsel
Florida Bar No,. 708402
mcheskin@morganlewis.com
Kara S. Nickel
Florida Bar No. 0175188
knickel@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

12

CASE NO. 6:01-cv-1120-Orl-31JGG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to Mark L. Van Valkenburgh, Winderweedle, Haines, Ward & Woodman, P.A., Attorneys for Plaintiff, 250 South Park Avenue, Winter Park, Florida 32790, this 27th day of December, 2001.

Kara S. Nickel

# DOCUMENT

# NOT

# SCANNED

_____ Exceeds scanner's page limit
_____ Physical exhibit prevents scanning
__X__ Other: EXHIBITS

# **REFER TO COURT FILE**

Revised 8/11/99